IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES MELVIN RUSSELL,

Plaintiff,

v.

CSX TRANSPORTATION, INC.,
a Corporation,

Defendant.                                        No. 12-cv-316-DRH-PMF

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendant CSX Transportation, Inc.'s (CSXT) motion for reconsideration of this Court's April 3, 2014, Order denying CSXT's motion to vacate and dismiss (Doc. 58) (filed under seal). For the reasons stated below, the Court **GRANTS** the motion to reconsider, vacates its March 3, 2014, Order (Doc. 50), and dismisses this case as moot.

CSXT moves to reconsider this Court's ruling denying CSXT's motion to vacate this Court's Order of March 3, 2014 (Doc. 55). CSXT seeks to vacate the March 3, 2014, Order because, as the parties failed to inform the Court, a settlement agreement was entered into in August 2013. It is obvious that "[w]hen the settlement of a case becomes reasonably certain, the usual and sensible practice is for the parties to advise the court of this fact so that the court can decide whether to suspend its consideration of the case in the expectation that the

case will soon be moot. Until the settlement becomes final, however, the case is not moot, since the settlement may never become final." *Selcke v. New England Ins. Co.*, 2 F.3d 790, 791-92 (7th Cir. 1993). Now that the Court has been provided with the exact terms of the settlement agreement at issue,[1] it is clear that the settlement became final as of August 19, 2013, and as of that date, this Court lost jurisdiction over this dispute. *See id.* However, it will not go unnoted that because the parties inexcusably ignored their mutual duty to inform this Court of their finalized settlement agreement, this Court's carefully-reasoned Order of March 3, 2014, amounts to a huge waste of judicial time and resources. To best put this reckless waste in perspective, it will not go unmentioned that the undersigned currently serves as presiding judge in well over 14,000 cases, is Chief Judge of the district with many administrative duties and serves by appointment of the Chief Justice on a committee of the Judicial Conference, where he also serves as chair of a very active subcommittee. The parties (and of course more specifically their attorneys) are cautioned to assume their duties to this Court with much more thoughtfulness and respect in the future, or sanctions will result.

---

[1] The Court notes that CSXT make much of the fact that this Court made its initial ruling without waiting for CSXT to file a reply. Replies are not allowed as of right. If CSXT had provided its instant arguments and documentation in its initial motion, this further waste of judicial resources could have been avoided. For reasons already set out this Court must be efficient in matters of case management.

For the reasons stated above, the Court grants CSXT's motion to reconsider (Doc. 58), vacates its Order of March 3, 2014 (Doc. 50), and dismisses this case for lack of jurisdiction. On the basis of the finalized settlement agreement, plaintiff's claims are dismissed with prejudice and judgment shall enter accordingly.[2]

**IT IS SO ORDERED.**

Signed this 1st day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.01 16:53:40 -05'00'

**Chief Judge**
**U.S. District Court**

---

[2] The Court notes that CSXT moves to file certain documents under seal (Doc. 56), which the Court grants for the reasons stated in the motion. As to the unsealed motion to reconsider (Doc. 57) that motion is denied as moot in light of this Order granting the sealed motion to reconsider (Doc. 58).